patients of the London Hospital. The undertakings previously filed by the board of governors of London Hospital are deemed by this court to be inadequate for the reason that both refer to the proper application of the funds '' for the time being ''.

Upon the filing of a suitable undertaking with this court by the board of governors of London Hospital within a reasonable time, guaranteeing that the property received by such board under the provisions of the last will and testament of Eliza Lillian Ablett which represents distribution of principal will be invested and reinvested and retained as a separate endowment fund to be known as the Robert Ablett Memorial Fund, and the income from such fund and investments will be applied for research, services and facilities or other purposes benefiting the patients of London Hospital, as the board of governors may deem advisable, a decree may be presented settling the account and directing the payment of the moneys given to the London Hospital of Whitechapel, London, England, to the board of governors of London Hospital.

ROSE FIANCE, Appellant, *v.* UNITED JEWISH APPEAL OF GREATER NEW YORK, INC., Respondent.

Supreme Court, Appellate Term, First Department, May 27, 1954.

*Sidney A. Wolff* for appellant.

*Edward Goodell* and *Allen Moss* for respondent.

Judgment and order affirmed, with $25 costs.

Concur: HOFSTADTER, EDER and SCHREIBER, JJ.

OLIVER WILLIAMS, INC., Respondent, *v.* JOHN P. NIELSEN, Appellant.

Supreme Court, Appellate Term, First Department, May 13, 1954.

*Bruce E. Grunden* and *Walter D. Wile* for appellant.

*Lyman Stansky* for respondent.

*Per Curiam.* The undisputed facts are that buyer and seller merely agreed as to price and down payment in this real estate transaction, but the amount, interest and amortization rate, and term of the mortgages covering the balance thereof were not even discussed at the time of defendant's repudiation. Plaintiff may not recover agreed brokerage commissions on the theory of performance of its contract, in view of such essential terms of the sale having been left for future negotiation by the parties. There was no such meeting of the minds on all the necessary terms as is required to constitute a sale consummated by the broker's efforts. Accordingly the complaint should have been dismissed.

The judgment should be reversed, with $30 costs and complaint dismissed, with costs.

HAMMER, HOFSTADTER and EDER, JJ., concur.

Judgment reversed, etc.